CARAVEL COMPANY, INCORPORATED, PLAINTIFF, v. IN-TERNATIONAL HIGH SPEED STEEL COMPANY, DE-FENDANT.

Submitted November term, 1923—Decided March 4, 1924.

**Contracts—Whether Chairman of Board Had Power to Act for Corporation and if Not Whether His Acts Were Ratified by Board, Question of Fact for Jury.**

On rule.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the plaintiff, *Bilder & Bilder.*

For the defendant, *Richard J. Mackay* and *Treacy & Milton.*

PER CURIAM.

The suit in this case was brought to recover damages for the breach of a contract dated on or about May 15th, 1920, by which the defendant agreed to sell to the plaintiff one thousand assorted gross tons of square corrugated concrete reinforcing steel bars, at the agreed price ranging from $4.25 to $4.50 per one hundred pounds, depending upon the size, &c. The trial resulted in a verdict for the defendant.

The plaintiff obtained a rule to show cause and writes down twelve reasons for a new trial. The case is one wholly of fact. It seems to turn upon two points—*first,* had William Garrow Fisher, chairman of the board of directors of the defendant company, power to act, and if not, *second,* did the company ratify his acts, and this point grows out of a meeting between a Mr. Horowitz representing the plaintiff and a Mr. Gillette representing the defendant. These two questions were submitted to the jury by the trial judge as questions of fact. We see no reason why the findings of the jury should be disturbed. Reasons eight to twelve, inclusive, are criticisms of the action of the trial court. While they are the subject of just criticism and cannot be approved, we cannot say, however, they prejudiced the plaintiff's case before the jury.

The rule to show cause is discharged.